# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 11-6073

In re:

Walter H. Carter;
Debra K. Carter,

    Debtors.

Walter H. Carter;
Debra K. Carter,

    Appellants,

v.

Estate of Leon Jerome Heimer;
Mitchell County Sheriff,

    Appellees.

Appeal from the United
States Bankruptcy Court for
the Northern District of Iowa

Submitted:  February 7, 2012
Filed: March 13, 2012

Before VENTERS, SALADINO, and NAIL, Bankruptcy Judges.

NAIL, Bankruptcy Judge.

Walter H. Carter and Debra K. Carter appeal the October 26, 2011 judgment of the bankruptcy court[1] denying in part their motion under 11 U.S.C. § 522(f)(1) to avoid certain liens held by the Estate of Leon Jerome Heimer.  We affirm.

---

[1]The Honorable Thad J. Collins, Chief Judge, United States Bankruptcy Court for the Northern District of Iowa.

BACKGROUND

The relevant facts are few and are not in dispute. Walter H. Carter and Debra K. Carter ("Debtors") are the owners of a 2005 Cadillac Escalade. They pledged the vehicle as collateral for two loans from St. Ansgar State Bank ("the bank").

In March 2011, an Iowa state court entered a judgment for the Estate of Leon Jerome Heimer ("the Heimer estate") against Debtor Walter H. Carter for $30,230.74 and issued a writ of execution that ordered the sheriff to sell Debtors' vehicle to satisfy the judgment. In compliance with Iowa law (discussed below), the Heimer estate paid the bank $21,299.79 to pay off the loans secured by the vehicle, and the sheriff scheduled a sale. The sale did not take place, however, because Debtors filed a petition for relief under chapter 7 of the bankruptcy code on April 6, 2011.

Debtors claimed $13,600.00 of their interest in their vehicle exempt under Iowa law and filed a motion under 11 U.S.C. § 522(f) to avoid the Heimer estate's judgment lien. The matter was tried, and the bankruptcy court entered a judgment denying in part Debtors' motion. Debtors timely appealed.

STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *See R & R Ready Mix v. Freier* (*In re Freier*), 604 F.3d 583, 587 (8th Cir. 2010) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997)). More specifically, we review *de novo* the bankruptcy court's interpretation of a statute. *See Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005).

DISCUSSION

Section 522(f) provides, in pertinent part: "[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a judicial lien[.]" 11 U.S.C. § 522(f)(1). A lien is a "charge against or interest in property to secure payment of a debt or performance of

an obligation." 11 U.S.C. § 101(37).  A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."  11 U.S.C. § 101(36).

The narrow issue presented is whether the $21,299.79 the Heimer estate advanced to pay off the loans secured by the bank's lien against Debtors' vehicle is secured by a judicial lien that may be avoided under § 522(f)(1).  Debtors argue the Heimer estate holds only a judicial lien to secure its entire judgment against them, including the $21,299.79.  The Heimer estate argues it holds two liens:  a consensual lien securing the $21,299.79, which may not be avoided under § 522(f)(1), and its original judicial lien, which it concedes may be avoided under § 522(f)(1).  We agree with the Heimer estate.

Before the sheriff could sell the vehicle, the Heimer estate was required to pay off the loans secured by the bank's lien.

> Personal property subject to a security interest not exempt from execution may be taken on attachment or execution issued against the debtor, if the officer, or *the attachment or execution creditor, within ten days after such levy, shall pay to the secured party the amount of the secured debt and interest accrued*, or deposit the same with the clerk of the district court of the county from which the attachment or execution issued, for the use of the secured party, or secure the same as in this chapter provided.

I.C.A. § 626.34 (emphasis added).[2]  When it did so, the Heimer estate stepped into the shoes of the bank.

> When such sum is paid to the secured party or deposited with the clerk, *the attachment or execution creditor shall be subrogated to all the rights of such holder*, and the

---

[2]We reject Debtors' unsupported argument that because they claimed a portion of the vehicle's value exempt, the vehicle itself was entirely exempt from execution. Under Iowa law, only a debtor's "*interest* in one motor vehicle, not to exceed in value seven thousand dollars" is exempt from execution.  I.C.A. § 627.6(9) (emphasis added).  Any value above the allowed exemption is thus subject to execution.

> proceeds of the sale of the collateral shall be first applied to the discharge of such indebtedness and the costs incurred under the writ of attachment or execution.

I.C.A. § 626.37 (emphasis added).

Debtors do not dispute the bank was the holder of a consensual lien against their vehicle. Pursuant to I.C.A. § 626.37, the Heimer estate is subrogated to all the rights of the bank and is now the holder of that consensual lien. Debtors could not have avoided that lien under § 522(f)(1) when it was held by the bank, and they may not avoid it under § 522(f)(1) now that it is held by the Heimer estate.[3]

## CONCLUSION

Having reviewed the matter *de novo*, we reach the same conclusion the bankruptcy court reached: The $21,299.79 the Heimer estate advanced to pay off the loans secured by the bank's lien against Debtors' vehicle is not secured by a judicial lien. Accordingly, we affirm the bankruptcy court's judgment denying in part Debtors' motion under 11 U.S.C. § 522(f)(1).

--------

[3]Like the bankruptcy court, we do not reach the question of whether the Heimer estate may now force a sale of Debtors' vehicle when the underlying obligation to the bank is allegedly not in default. The answer to that question has no bearing on whether Debtors are entitled to relief under § 522(f)(1).